STATE OF MAINE
CUMBERLAND, ss.

UNIFIED CRIMINAL COURT
PORTLAND
Docket No. CR-2017-3236

STATE OF MAINE )
)
v. )
)
CHRISTOPHER SHEPARD )
)
Defendant )

ORDER ON THE STATE OF MAINE'S
MOTION FOR EXTENSION OF TIME AND
DEFENDANT'S MOTION TO DISMISS

STATE OF MAINE
Cumberland, ss, Clerk's Office
SEP 25 2020
RECEIVED

Before the Court is the State of Maine's Motion to Continue and the Defendant Christopher Shepard's Motion to Dismiss the indictment with prejudice pursuant to M.R. Crim. P. 48 and 34-A M.R.S. § 9603. Defendant argues that the State has unnecessarily delayed bringing the defendant to trial.

### Background

On June 9, 2017, the defendant was indicted on three counts of Gross Sexual Assault, Class A, and one count of Sexual Misconduct with a Child, Class C. An arrest warrant for the defendant was issued on June 28, 2017. Thereafter, the defendant plead guilty in federal court to violation of 18 U.S.C. § 2252A(a)(5)(B) and was sentenced to 180 months of imprisonment. The defendant was incarcerated in New York. On June 14, 2018, the State issued a detainer on the defendant under the Interstate Agreement on Detainers. 18 U.S.C. App. § 2. On February 12, 2020, the defendant answered the detainer and filed a transfer request to be brought to Maine to answer to the charges.

On March 13, 2020, the Maine Judicial Branch announced that due to COVID-19, the criminal docket was postponed until May 1, 2020, and that no criminal or civil jury trials would be held until after May 1, 2020. Emergency Order and Notice from the Maine Supreme Judicial Court Courthouse Safety and Coronavirus (COVID-19), March 13, 2020, amended March 18, 2020. On March 31, 2020 and on April 29, 2020, the Governor issued an executive stay at home order through May 31, 2020. Executive Order 28 FY 19/20. Executive orders also implemented restrictions and limitations on out-of-state travel. See, e.g. Executive Orders 28, 34 FY 19/20. The Judicial Branch introduced phased plans to re-open through

Entered on the Docket: 9-25-20

the Judicial Branch's Phased Management Plan issued on May 27, 2020, but indicated the courts would not try criminal matters by jury until September 7, 2020, at the earliest. Covid-19 Phased Management Plan (May 27, 2020) (The Phased Management Plan was revised July 2, 2020, July 31, 2020, and August 28, 2020 further extending the date on which the courts may begin holding criminal jury trials.)

The defendant was transferred into Maine on or about July 16, 2020, and the court scheduled a dispositional conference on August 11, 2020. At the dispositional conference, the court (J. McKeon) asked the parties to submit briefs on the matter. The state filed a motion for extension of time on August 11, 2020.

## Discussion

Pursuant to the Interstate Compact on Detainers, once the defendant's answer to the detainer is received by the state, the state has 180 days to commence trial. 34-A M.R.S.A. §§ 9603 (2020). The court may grant "any necessary or reasonable continuance" of the 180-day limit. *Id.* Additionally, the 180-day period "shall be tolled whenever and for as long as the prisoner is unable to stand trial." 34-A M.R.S.A. § 9606 (2020). In interpreting this statute, a defendant is unable to stand trial during "all those periods of delay occasioned by the defendant." *State v. Rose*, 604 A.2d 24, 25 (Me.1992) (quoting United *States v. Taylor*, 861 F.2d 316, 321 (1st Cir. 1988)). In the case at bar, the state contends it had until August 12, 2020, to commence trial, and trial was not commenced before August 12, 2020, and has not yet commenced.

The defendant argues that because the delay is not occasioned by the defendant, the charges against the defendant should be dismissed with prejudice, as the state has failed to commence trial within 180 days. Defendant cites cases from other jurisdictions that show the court or prosecutor's delay in bringing a case to trial under the Interstate Agreement on Detainers. *See State v. Brown*, 157 N.H. 555, 557-58 (2008); *Nelms v. State*, 532 S.W.2d 923, 927-28 (1976). Here, however, the delay was occasioned by the global COVID-19 pandemic, which is beyond the control of all parties, and the court. On March 13, 2020, the criminal docket was postponed and criminal jury trials have since been delayed until November 7, 2020, at the earliest. Phased Management Plan (August 28, 2020).

The defendant's argument that "the State and court simpl[y] failed to understand the importance" of prioritizing the defendant's case under the Interstate Compact on Detainers

does highlight that the state did not file for a continuance until after the dispositional conference on August 11, 2020. The COVID-19 pandemic is not a free pass for the state to disregard statutory time limits on filing cases. However, where the State was unable to bring the defendant to trial because the courts had delayed all criminal jury trials by emergency orders, the delay is reasonable and necessary. Because the delay is not occasioned by the defendant, the 180-day period is not tolled pursuant to 34-A M.R.S.A. § 9606. Rather, the circumstances of a global pandemic justify a continuance for good cause under 34-A M.R.S.A. § 9603, rather than the "harsh remedy" of a dismissal of charges. *See New York v. Hill*, 528 U.S. 110, 118, 120 S. Ct. 659, 666 (2000).

The Court finds the request for a continuance is necessary and for good cause. For the foregoing reasons, the State's motion for extension of time is GRANTED and the defendant's motion to dismiss is DENIED.

DATED: 25 SEP 2020

Jed J. French
Judge, Unified Criminal Court

3

07/21/2020 MARYGAY KENNEDY , JUSTICE
   NO CONTACT WITH ANY CHILDREN UNDER AGE OF 16.
07/21/2020 BAIL BOND - CASH BAIL BOND COND RELEASE ISSUED ON 07/17/2020
   MARYGAY KENNEDY , JUSTICE
07/21/2020 HEARING - DISPOSITIONAL CONFERENCE SCHEDULE OTHER COURT ON 08/11/2020 at 03:30 p.m. in Room No. 7

   PORSC
07/21/2020 HEARING - DISPOSITIONAL CONFERENCE NOTICE SENT ELECTRONICALLY ON 07/21/2020

07/21/2020 Party(s):    CHRISTOPHER SHEPARD
   ATTORNEY - APPOINTED ORDERED ON 07/17/2020

   Attorney: ROBERT ANDREWS
08/10/2020 NOTE - OTHER CASE NOTE ENTERED ON 08/10/2020
   JIM PAUL TURCOTTE , ASSISTANT CLERK
   PARTIES GIVEN INCORRECT NOTICE - RESET TIME FROM 1 TO 3:30 AND RESENT PHONE DC INFORMATION.
08/14/2020 HEARING - DISPOSITIONAL CONFERENCE HELD ON 08/11/2020
   THOMAS MCKEON , JUSTICE
   Attorney: ROBERT ANDREWS
   DA: ANGELA CANNON
   PENDING MOTION- SET FOR MOTION HEARING
08/14/2020 MOTION - MOTION FOR EXTENSION OF TIME FILED BY STATE ON 08/11/2020

   DA: ANGELA CANNON
   MTN TO EXT TIME UNDER THE INTERSTATE AGREEMENT ON DETAINERS
08/14/2020 HEARING - MOTION FOR EXTENSION OF TIME SCHEDULE OTHER COURT ON 09/01/2020 at 01:00 p.m. in Room No. 1

   PORSC
08/14/2020 HEARING - MOTION FOR EXTENSION OF TIME NOTICE SENT ELECTRONICALLY ON 08/14/2020

08/24/2020 OTHER FILING - OTHER DOCUMENT FILED ON 08/21/2020

   DA: ANGELA CANNON
   ARUGUMENT FOR EXTENSION OF THE TIME UNDER THE INTERSTATE AGREEMENT ON DETAINERS
09/01/2020 OTHER FILING - OTHER DOCUMENT FILED ON 09/01/2020

   Attorney: ROBERT ANDREWS
   MEMORANDUM IN OPPOSITION TO STATES MOTION TO CONTINUE AND MOTION TO DISMISS
               9-25-20: MOTION TO DISMISS DENIED PER ORDER BY JUDGE FRENCH
09/15/2020 MOTION - MOTION FOR EXTENSION OF TIME UNDER ADVISEMENT ON 09/01/2020
   JED FRENCH , JUDGE
09/15/2020 HEARING - MOTION FOR EXTENSION OF TIME HELD ON 09/01/2020
   JED FRENCH , JUDGE
   Attorney: ROBERT ANDREWS
   DA: ANGELA CANNON
   Defendant Present in Court
   FTR 1
09/25/2020 MOTION - MOTION FOR EXTENSION OF TIME GRANTED ON 09/25/2020
   JED FRENCH , JUDGE
   COPY TO PARTIES/COUNSEL
09/25/2020 ORDER - COURT ORDER FILED ON 09/25/2020

JED FRENCH , JUDGE
ORDER ON STATE'S MOTION FOR EXTENSION OF TIME IS GRANTED AND THE DEFENDANT'S MOTION TO DISMISS IS DENIED.

09/25/2020 ORDER - COURT ORDER ENTERED ON 09/25/2020

A TRUE COPY
ATTEST: _____
Clerk

STATE OF MAINE
vs
CHRISTOPHER SHEPARD
71 RUST ROAD
GORHAM ME 04038

CRIMINAL DOCKET
CUMBERLAND, ss.
Docket No    CUMCD-CR-2017-03236

**DOCKET RECORD**

DOB: 02/02/1986
Attorney:    ROBERT ANDREWS                     State's Attorney:    STEPHANIE ANDERSON
             THE LAW OFFICE OF ROBERT C ANDREWS
             ESQ PC
             117 AUBURN STREET, SUITE 201
             PORTLAND ME 04103
             APPOINTED 07/17/2020

Filing Document:    INDICTMENT                   Major Case Type:  FELONY (CLASS A,B,C)
Filing Date:        06/09/2017

**Charge(s)**

1   GROSS SEXUAL ASSAULT                                02/01/2015    GORHAM
Seq 10932          17-A  253(1)(C)          Class A
YOUNG                              /    GOR
2   GROSS SEXUAL ASSAULT                                02/01/2015    GORHAM
Seq 10932          17-A  253(1)(C)          Class A
YOUNG                              /    GOR
3   GROSS SEXUAL ASSAULT                                02/01/2015    GORHAM
Seq 10932          17-A  253(1)(C)          Class A
YOUNG                              /    GOR
4   SEXUAL MISCONDUCT WITH A CHILD UNDER 12 YEARS       02/01/2015    GORHAM
Seq 10937          17-A  258(1-A)           Class C
YOUNG                              /    GOR

**Docket Events:**

06/13/2017  FILING DOCUMENT - INDICTMENT FILED ON 06/09/2017

06/14/2017  Charge(s):  1,2,3,4
            WARRANT - $50,000.00 ON COMP/INDICTMENT ORDERED ON 06/09/2017
            THOMAS D WARREN , JUSTICE
            NO CONTACT WITH VICTIM DOB 10 10 2006 OR ANY CHILD UNDER 18 YOA

            BAIL TO PORTLAND SUPERIOR COURT
06/14/2017  Charge(s):  1,2,3,4
            WARRANT - $50,000.00 ON COMP/INDICTMENT ISSUED ON 06/14/2017

            NO CONTACT WITH VICTIM DOB 10 10 2006 OR ANY CHILD UNDER 18 YOA

            BAIL TO PORTLAND SUPERIOR COURT
06/17/2020  OTHER FILING - OTHER DOCUMENT FILED ON 06/15/2020

            AGREEMENT ON DETAINERS: FORM VI
07/17/2020  Charge(s):  1,2,3,4
            WARRANT - ON COMP/INDICTMENT EXECUTED BY AGENCY ON 07/17/2020 at 09:30 a.m.

07/21/2020  Charge(s):  1,2,3,4
            HEARING - ARRAIGNMENT HELD ON 07/17/2020 in Room No.  1
            MARYGAY  KENNEDY , JUSTICE
            DA:  KEVIN MOYNIHAN
            DEFENDANT INFORMED OF CHARGES.
07/21/2020  Charge(s):  1,2,3,4
            PLEA - NOT GUILTY ENTERED BY DEFENDANT ON 07/17/2020

            BAIL BOND - $50,000.00 CASH BAIL BOND SET BY COURT ON 07/17/2020